# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4140

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Enoch A. Montaque, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 5, 2000

Filed: July 11, 2000

_____

Before McMILLIAN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Enoch A. Montaque appeals the district court's imposition of sentence upon Montaque's guilty plea to possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Montaque's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel's brief raises one issue: whether the court erroneously counted Montaque's 1979 murder conviction toward his career-offender status, essentially because Montaque was sentenced for the conviction more than 15 years before he committed the current offense. We affirm.

Initially, we note that Montaque qualifies as a career offender even without the murder conviction, because two later controlled-substance felonies and a battery felony in Montaque's criminal history support career-offender status. <u>See</u> U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (1998). Nevertheless, state correctional records confirm that Montaque's parole on the murder conviction was revoked in 1985 and 1988, bringing the conviction within the 15-year "look-back" period. <u>See</u> U.S. Sentencing Guidelines Manual § 4A1.2(e)(1) (1998) (count any earlier sentence of 13 months, whenever imposed, resulting in defendant's incarceration during any part of 15-year period preceding current offense).

Having reviewed the record and finding no other nonfrivolous issues, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.